IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAURICE MASON, ) | CASE NO. 1:99CV524 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DAVID A. KATZ |
| ) | |
| KEITH SMITH, WARDEN, ) | |
| ) | ORDER |
| Respondent. ) | |

Before the Court is Keith Smith's ("the Respondent") Motion to Stay Conditional Writ of Habeas Corpus.  (Doc. No. 243.)  Petitioner, Maurice Mason ("Mason") opposed the Motion. (Doc. No. 244.)  For the following reasons, the Court will GRANT the Motion and stay the 180-day retrial period in its May 18, 2009, Conditional Writ of Habeas Corpus.  (Doc. No. 242.)

**I. Procedural History**

On October 7, 2008, the Sixth Circuit reversed the Court's opinion, remanded the matter to the Court, and ordered it to issue a conditional writ of habeas corpus vacating Mason's death sentence unless the state of Ohio commences a new penalty-phase trial within 180 days.  *Mason v. Mitchell*, 543 F.3d 766, 785 (6th Cir. 2008).  The Sixth Circuit issued its Mandate Order on February 27, 2009.  (Doc. No. 238.)  The Respondent filed an untimely Motion to Stay or Recall the Mandate, which the Sixth Circuit denied on May 6, 2009.  (Doc. No. 241.)

The Court held a telephone conference on May 15, 2009.  As noted above, the Court

thereafter issued a conditional writ of habeas corpus, requiring the Respondent to either set aside Mason's death sentence or conduct another mitigation hearing within 180 days from May 6, 2009. (Doc. No. 242.) On July 20, 2009, the United States Supreme Court remarked that it had received the Respondent's petition for writ of certiorari and placed it on the docket. (Doc. No. 245.)

## II. Law and Discussion

The Respondent asks the Court to stay the 180-day retrial requirement in its conditional writ. The Sixth Circuit has held that a district court retains jurisdiction over a conditional writ until the terms of the conditional order have been fulfilled. *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). It would therefore appear that the Court has the authority to stay its conditional writ until the Supreme Court has determined whether to grant the Respondent's petition.

In his opposition to the Motion, Mason asserts that this Court has no such authority. Mason maintains that pursuant to 28 U.S.C. § 2101(f), only the Supreme Court has the ability to grant a stay at this juncture. That statute reads in pertinent part:

> (f) In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. *The stay may be granted by a judge of the court rendering the judgment* or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

28 U.S.C. § 2101(f)(emphasis supplied). Mason asserts that the italicized phrase signifies that this Court cannot modify its conditional writ because it was not the court "rendering the

judgment" within the meaning of the statute. He apparently believes that the Sixth Circuit's October 7, 2008, Opinion or perhaps its subsequent Mandate Order is the "judgment" contemplated in the statute. Mason therefore argues that the Respondent cannot seek a stay of the conditional writ from this Court. Because the Sixth Circuit is the court that rendered judgement in this matter and it already has denied the Respondent's motion for a stay, Mason argues that the Respondent's only remaining recourse under the statute is to seek a stay from the Supreme Court.

The Court disagrees. Reading both the statute and the *Gentry* holding together, the Court finds that the pertinent judgment referred to in § 2101(f) is this Court's conditional writ of habeas corpus. This Court, therefore, is the "court rendering the judgment" under the statute that has the authority to stay the conditional writ.

### III. Conclusion

The Respondent's Motion to Stay Conditional Writ of Habeas Corpus is GRANTED. (Doc. No. 243.) The Respondent shall notify the Court within fifteen (15) days after the United States Supreme Court has decided whether to grant or deny the Respondent's petition for a writ of certiorari.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE