UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAURICE A. MASON, | Case No. 1:99 CV 524 |
| Petitioner, | |
| | JUDGE DAVID A. KATZ |
| vs. | |
| TERRY A. TIBBALS, Warden, | MEMORANDUM OF OPINION |
| | AND ORDER |
| Respondent. | |

Before the Court is Petitioner Maurice Mason's ("Petitioner" or "Mason") Motion To Prohibit the State of Ohio From Seeking the Death Penalty in a Penalty Phase Retrial. (Doc. No. 252.) Mason requests that this Court prohibit the State of Ohio from commencing a new penalty phase trial, with the death penalty as an available sentence, against Mason because the State failed to adhere to the 180-day mandate set forth by the United States Court of Appeals for the Sixth Circuit. For the following reasons, the Court denies Petitioner's Motion.

I. **Background**

Mason was sentenced to death for aggravated murder by a jury, and the Marion County Court of Common Pleas entered judgment against him on July 15, 1994. Mason's state-court appeals failed, and this Court twice denied his habeas petitions. On October 7, 2008, the Sixth Circuit Court of Appeals reversed this Court and remanded the case. It ordered this Court to issue a conditional writ of habeas corpus vacating Mason's death sentence "unless the state of Ohio commences a new penalty-phase trial against him within 180 days from the date that the judgment in this matter becomes final." *Mason v. Mitchell*, 543 F.3d 766, 785 (6th Cir. 2008).

On October 30, 2008, Respondent timely filed a petition for rehearing en banc in the

Sixth Circuit, which the court denied on February 19, 2009. The Sixth Circuit then issued its Mandate Order related to its ruling on February 27, 2009. (ECF No. 238.) On March 25, 2009, Respondent filed an untimely motion in the Sixth Circuit to recall and stay the mandate pending the filing of a petition for *certiorari* to the United States Supreme Court. The Sixth Circuit denied that motion on May 6, 2009.

> On May 18, 2009, this Court issued an order stating:
>
> [A] conditional writ of habeas corpus is hereby granted as to Masson's sentence of death. The Respondent shall either: (1) set aside Mason's death sentence; or (2) conduct another mitigation hearing. This shall be done within 180 days from May 6, 2009, the date upon which the Court finds the judgment in this matter became final.

(ECF No. 242.)

Respondent filed a petition for writ of *certiorari* in the Supreme Court on July 20, 2009. He filed a motion to stay the conditional writ with this Court on July 22, 2009, which was granted on August 7, 2009. (ECF Nos. 243, 246, respectively.) The Supreme Court denied Mason's petition on November 16, 2009. This Court lifted the stay on December 1, 2009. (ECF No. 249.)

On December 18, 2009, the State scheduled Mason's new penalty phase hearing to begin on February 16, 2010, 170 days from May 6. On February 2, 2010, the Marion County Court of Common Pleas issued a Judgment Entry to Remove Defendant from Death Row and Order to Convey, which stated, "Based upon Defendant's [Motion for Defendant to be Removed from Death Row Housing and Motion to Transfer Defendant to Different Correctional Institution], and due to Defendant's death sentence being vacated, the Court hereby ORDERS that Defendant be removed from death row housing." (ECF No. 253-1.) Two days later, Mason moved the trial

2

court to prohibit the new penalty phase hearing on the ground that the time to hold it had expired. After a hearing, the trial court denied Mason's motion on December 13, 2010. (ECF No. 252-1.)

Mason filed the motion that is currently before the Court on December 14, 2010, requesting that this Court prohibit the State of Ohio from commencing a new penalty phase trial against Mason, with the death penalty as an available sentence, because the State failed to adhere to the 180-day mandate set forth by the Sixth Circuit. (ECF No. 252.) Respondent opposed the motion, and Mason filed a reply brief. (ECF Nos. 253, 254, respectively.)

**II.     Analysis**

This motion presents two issues: whether this Court has jurisdiction to rule upon the motion before it, and, if so, whether Mason is entitled to the relief he seeks. The Court has determined that it has jurisdiction to rule on this motion, but that Mason is not entitled to any further relief because he did not object to the terms of the conditional writ in a timely manner and the State has, in fact, complied with the writ.

**A.     This Court's Jurisdiction**

Mason is correct that this Court retains jurisdiction to enforce its conditional writ of habeas corpus. In *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006), the Sixth Circuit held that a "'federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner.'" *Id*. at 692 (quoting *Satterlee v. Wolfenbarger*, No. 03-71682-DT, 2005 WL 2704877, at *2 (E.D. Mich. Oct. 19, 2005)). The court explained that a conditional writ of habeas corpus, unlike an absolute writ, "lies latent unless and until the state fails to perform the established condition, at

3

which time the writ springs to life." *Id*. It noted that district courts favor conditional grants because they "provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns." *Id*. Thus, conditional writs "are final orders . . . and ordinarily and ideally operate automatically, that is, without the need for the district court to act further." *Id*. Nevertheless, "district courts retain jurisdiction to execute a lawful judgment when it becomes necessary." *Id.*

In the *Gentry* case, the district court granted the habeas petitioner a conditional writ that permitted the state to correct the constitutional defect within 90 days of the final federal court order. *Id*. at 690-91. When the state chose not to retry the petitioner, the petitioner asked the district court to enforce the conditional writ by entering an order voiding her state conviction. The district court granted the requested relief. *Id*. at 691. The state argued on appeal that the district court had no jurisdiction to enter the requested order. The Sixth Circuit disagreed, concluding that the district court had properly exercised jurisdiction over the petitioner's motion because the state's decision not to retry her did not cure the error identified by the district court. The petitioner's request for relief, the court observed, "reasonably asked the [district] court to enforce its order by making the conditional writ absolute." *Id*. at 692.

Respondent argues that "once Mason's unconstitutional sentence was vacated, per the plain terms of § 2254, the district court's jurisdiction over Mason's case came to an end." (ECF No. 253, 3.) The AEDPA says no such thing. Indeed, as Mason responds, this position "defies logic." (ECF No. 254, 1.) As the Sixth Circuit has stated, conditional writs "would be meaningless" if habeas courts could not determine whether they have been complied with and then enforce them if necessary. *Satterlee, v. Wolfenbarger*, 453 F.3d 362, 369 n.5 (6th Cir. 2006).

4

Moreover, the cases Respondent cites as support for his argument–namely, *Pitchess v. Davis*, 421 U.S. 482 (1975), *Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2009), and *Fisher v. Rose*, 757 F.2d 789 (6th Cir. 1985)--are inapposite. In each of those cases, the challenged actions by the district courts took place *after* the State had complied with the conditional writ and was attempting to retry the petitioner. As the Sixth Circuit recently explained in *D'Ambrosio v. Bagley*, a case in which the State failed to comply with a conditional writ and the district court barred the petitioner's reprosecution, *Davis* and *Fisher* "involved the district court's acting *after* the state had complied with a conditional writ. At that point in time, the district court's jurisdiction was extinguished." *D'Ambrosio v. Bagley*, No. 10-3247, 2011 WL 3795171, at *5 (6th Cir. August 29, 2011) (emphasis original).

Here, this Court has jurisdiction to make the initial determination of whether or not the State has complied with its conditional writ; it is not being asked to supervise or otherwise intervene in a retrial of any portion of Mason's case. If Respondent has complied with the writ, then this Court loses jurisdiction and can take no further action in this matter; if he has not, the Court retains jurisdiction to enforce the writ.

**B. Respondent's Compliance with the Conditional Writ**

Mason contends that the date the Sixth Circuit's judgment became final was February 27, 2009, the date the Sixth Circuit issued the mandate, not May 6, 2009, the date the court denied Respondent's motion to stay or recall the mandate, as this Court previously determined. Thus, he claims, the State did not act within the required 180 days when it scheduled a new sentencing trial for February 16, 2008, and this Court should order it to conduct a mitigation hearing without the death penalty as an option. Respondent did not respond to Mason's argument on this point.

5

(ECF No. 253.)

Mason wants this Court to enforce the conditional writ granted by the Sixth Circuit, variously referencing the appellate court's mandate, writ, or judgment. (ECF No. 252, 1; ECF No. 254, 1, 2.) What is at issue, however, is the conditional writ set forth in this Court's Order of May 18, 2009, and the State's compliance with the terms of that writ. *See* 28 U.S.C. § 2241(a) ("The order of a circuit judge [granting a writ of habeas corpus] shall be entered in the records of the district court of the district wherein the restraint complained of is had."). Mason's motion, therefore, asking this Court to change the date that it specified as triggering the State's time to comply and to enforce the writ using that new date is essentially a motion to reconsider the May 18 Order. As such, the Court must treat it as a motion under Federal Civil Rule 59(e), which allows district courts to alter, amend, or vacate a prior judgment.[1] Fed. R. Civ. P. 59(e)*; Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

The purpose of Rule 59(e) is "'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 343. 348 (6th Cir. 1988)) (quotation marks omitted). It permits courts to amend judgments in four situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law or fact; and (4) to prevent manifest injustice. *See, e.g., Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); 11 C. Wright & A. Miller, *Federal Practice and*

---

[1] The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ." Habeas Corpus Rule 12.

*Procedure* § 2810-1, at 125-27 (2d ed. 1995). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 124 (2d ed. 1995). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995). Although "there are 'circumstances when a motion to reconsider may perform a valuable function,' . . . it [is] improper to use such a motion to 'ask the Court to rethink what the Court ha[s] already thought through–rightly or wrongly.'" *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001).

At the time the judgment at issue here was entered, Rule 59(e) motions were required to be filed no later than 10 days after the entry of the judgment.[2] Fed. R. Civ. P. 59(e); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810-1, at 124 (2d ed. 1995). Courts may not extend the time to act under this rule. Fed. R. Civ. P. 6(b)(2). Thus, the rule promotes "speedy disposition," while "attempt[ing] to balance the need for finality with the need for justice." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 189-90 (1st Cir. 2004).

Mason did not file a Rule 59(e) motion within the allotted time. In fact, Mason did not bring this alleged error to the Court's attention in any manner until *after* the State had scheduled a new penalty phase hearing and the 180-day mark computed from the date he believes is correct had long since passed. Mason does not offer any excuse for this delay. Regardless of whether the date contained in the writ was correct, Respondent was entitled to rely on this judgment as final,

---

[2] Rule 59(e) was amended effective December 1, 2009, to expand the time period to 28 days. Fed. R. Civ. P. 59(e) advisory committee's note.

and this Court will not amend the writ.

Indeed, the Court finds that the Respondent has, in fact, complied with the terms of the conditional writ as set forth in the May 18, 2009, Order. The trial court vacated Mason's death sentence within the prescribed 180 days, the first option available to the State under the writ, in its February 2, 2009, Judgment Entry. The judgment entry is not entirely clear on this point, since the substance of the order concerns Mason's physical removal from death row and transfer to another prison as a result of his sentence "being vacated," rather than affirmatively vacating the sentence. But Respondent represents in his response brief that Mason "was released from his unconstitutional sentence" and that his "unconstitutional sentence was vacated" pursuant to the state trial court's order. (ECF No. 253, 2, 3.) The Court concludes, therefore, that the state court effectively vacated Mason's death sentence and thereby satisfied the conditional writ. *See Eddleman v. McKee*, 586 F.3d at 412 (opining that "the better practice certainly would have been for the state court to have entered a written order" vacating the petitioner's conviction, but holding that the "record makes clear, nonetheless, that [the petitioner's] conviction was vacated").[3]

Mason, therefore, obtained the relief granted by the Sixth Circuit and ordered by this Court. The State has fully vindicated Mason's rights, and he cannot now further benefit from an

---

[3]

As of February 16, 2009, the date the State had scheduled the new mitigation hearing and the date the time stopped running for purposes of the writ's deadline, the State had not complied with the writ's alternative option of "conduct[ing]" a hearing, since it had merely scheduled the hearing. *See D'Ambrosio v. Bagley*, No. 10-3247, 2011 WL 3795171, at *5 (6th Cir. August 29, 2011) ("[T]he district court's mandate required that D'Ambrosio's retrial be conducted (i.e., completed) within 180 days, not merely that he be granted a new trial within that time period.").

alleged error in the writ that he never saw fit to complain of until it was too late for the State to comply with.

### III. Conclusion

Accordingly, since Mason did not object to the terms of the conditional writ in a timely motion pursuant to Rule 59(e), this Court finds that Respondent complied with the writ, and the matter is now properly before the state trial court for a new mitigation hearing. Petitioner's motion to prohibit the State of Ohio from seeking the death penalty in a penalty phase retrial is denied. (Doc. No. 252)

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE