UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MAURICE A. MASON,** | : | Case No. 1:99 CV 524 |
| Petitioner, | : | |
| | : | JUDGE DAVID A. KATZ |
| vs. | : | |
| | : | |
| **TERRY A. TIBBALS, Warden,** | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Maurice Mason's ("Petitioner" or "Mason") Application for a Certificate of Appealability. (ECF No. 258.) Mason requests that this Court grant a certificate of appealability regarding certain issues addressed in this Court's ruling on his Motion to Prohibit the State of Ohio from Seeking the Death Penalty in a Penalty Phase Retrial. (ECF No. 255.) Respondent Warden Terry Tibbals ("Respondent") opposed the motion, and Mason replied to Respondent's opposition. (ECF Nos. 261 and 262, respectively.) Mason also filed a Motion for Pauper Status to allow him to appeal in forma pauperis. (ECF No. 257.) For the following reasons, the Court grants Petitioner's motions.

**I.    Background**

Mason was sentenced by a jury to death for aggravated murder, and the Marion County Court of Common Pleas entered judgment against him on July 15, 1994. Mason's state-court appeals failed, and this Court twice denied his habeas petitions. On October 7, 2008, the Sixth Circuit Court of Appeals reversed this Court and remanded the case. It ordered this Court to issue a conditional writ of habeas corpus vacating Mason's death sentence "unless the state of Ohio commences a new penalty-phase trial against him within 180 days from the date that the

judgment in this matter becomes final." *Mason v. Mitchell*, 543 F.3d 766, 785 (6th Cir. 2008).

On October 30, 2008, Respondent timely filed a petition for rehearing en banc in the Sixth Circuit, which the court denied on February 19, 2009. The Sixth Circuit then issued its Mandate Order related to its ruling on February 27, 2009. (ECF No. 238.) On March 25, 2009, Respondent filed an untimely motion in the Sixth Circuit to recall and stay the mandate pending the filing of a petition for *certiorari* to the United States Supreme Court. The Sixth Circuit denied that motion on May 6, 2009.

On May 18, 2009, this Court issued an order stating:

[A] conditional writ of habeas corpus is hereby granted as to Masson's sentence of death. The Respondent shall either: (1) set aside Mason's death sentence; or (2) conduct another mitigation hearing. This shall be done within 180 days from May 6, 2009, the date upon which the Court finds the judgment in this matter became final.

(ECF No. 242.)

Respondent filed a petition for writ of *certiorari* in the Supreme Court on July 20, 2009. He filed a motion to stay the conditional writ with this Court on July 22, 2009, which was granted on August 7, 2009. (ECF Nos. 243, 246, respectively.) The Supreme Court denied Mason's petition on November 16, 2009. This Court lifted the stay on December 1, 2009. (ECF No. 249.)

On December 18, 2009, the State scheduled Mason's new penalty phase hearing to begin on February 16, 2010, 170 days from May 6. On February 2, 2010, the Marion County Court of Common Pleas issued a Judgment Entry to Remove Defendant from Death Row and Order to Convey, which stated, "Based upon Defendant's [Motion for Defendant to be Removed from Death Row Housing and Motion to Transfer Defendant to Different Correctional Institution], and

due to Defendant's death sentence being vacated, the Court hereby ORDERS that Defendant be removed from death row housing." (ECF No. 253-1.) Two days later, Mason moved the trial court to prohibit the new penalty phase hearing on the ground that the time to hold it had expired. After a hearing, the trial court denied Mason's motion on December 13, 2010. (ECF No. 252-1.)

Mason filed a motion on December 14, 2010, requesting that this Court prohibit the State of Ohio from commencing a new penalty phase trial against Mason, with the death penalty as an available sentence, because the State failed to adhere to the 180-day mandate set forth by the Sixth Circuit. (ECF No. 252.) This Court denied Mason's motion on the grounds that Mason did not object to the terms of the conditional writ in a timely motion pursuant to Federal Civil Rule 59(e), and that Respondent had in fact complied with the writ, concluding that the matter is now properly before the state trial court for a new mitigation hearing. (ECF No. 255.) Mason now asks this Court to grant him a certificate of appealability ("COA") regarding that order.

**II.  Analysis**

Section 2253 of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a habeas petitioner obtain a COA prior to appealing the denial of habeas relief. The statute provides:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c). In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained the requirements a habeas petitioner must fulfill prior to obtaining a COA under

3

Section 2253:

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Id.* at 483-04 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

While the burden to obtain a COA rests squarely on the petitioner, the petitioner is not required to prove that his or her claims ultimately will prevail. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 388 (2003).

As a preliminary matter, it is unclear whether Mason actually is required to obtain a COA from this Court prior to appealing its decision, because he is not appealing a denial of his habeas petition. In *Harbison v. Bell*, 129 S. Ct. 1481 (2009), the Supreme Court held that a habeas petitioner is required to obtain a COA only from "final orders that dispose of the merits of a habeas corpus proceeding – a proceeding challenging the lawfulness of the petitioner's detention." *Id*. at 1485 (citations omitted). It therefore concluded that an order that denies a motion to enlarge the scope of appointed counsel's representation is not subject to the COA requirement. *Id.* In *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007), however, the Sixth Circuit Court of Appeals held that a habeas petitioner was required to obtain a COA when appealing a district court's denial of a Rule 60(b) motion.

A Rule 59(e) motion is similar to a Rule 60(b) motion in that they both are post-judgment motions. Mason's motion, however, did not relate to the merits of his case. Nonetheless, this

4

Court will consider Mason's request for a COA in the event that the Sixth Circuit finds this step a necessary prerequisite to appeal.

To obtain a COA, Mason must make a substantial showing of the denial of a constitutional right. He also must demonstrate that reasonable jurists would debate this Court's conclusion that his motion was properly construed as a Rule 59(e) motion and therefore time barred, and that the conditional writ was satisfied when the trial court vacated Mason's sentence. *Slack*, 529 U.S. at 484.

Respondent argues that Mason's request for a COA should be denied because he has not demonstrated an error of constitutional magnitude. (ECF No. 261, 4.) Mason contends that this Court's ruling implicates the Double Jeopardy Clause of the Fifth Amendment because it may permit the State to conduct a new sentencing hearing. (ECF No. 258, 4.)

The Court finds that it's decision was primarily procedural, dealing with the State's compliance with, and Mason's challenge of, the terms of the conditional writ set forth in this Court's Order of May 18, 2009. Nonetheless, the ruling may have a substantial effect on Mason's sentencing, and a reasonable jurist could conclude that Mason's request to alter the terms of the writ should have been granted.

**III. Conclusion**

Accordingly, Petitioner's Application for a Certificate of Appealability and Motion for Pauper Status are granted.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE